MARQUEZ *v.* AGUILÓ.

APPEAL from the District Court of Ponce.

No. 5.—Decided June 9, 1905.

MORTGAGES—FORECLOSURE PROCEEDINGS.—The execution creditor is not given the option to elect the procedure under which to foreclose his mortgage, but he must follow the provisions of the Mortgage Law and the regulations for

the execution thereof, which provide for and govern the procedure for the collection of mortgage credits, and which repeal the provisions of the law of Civil Procedure relative to foreclosure proceedings.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Antonio Suliveres* for respondent.

Mr. JUSTICE FIGUERAS delivered the opinion of the court.

This is a foreclosure proceeding instituted by Francisco Marquez Cuello against Bernado Augiló Fuster, as mortgage debtor, for the recovery of $2,150, as principal, and $500 more to cover the estimated legal interest and costs incurred and to be incurred. The total claim amounted to $2,650.

This proceeding was begun by an attachment in accordance with the former Law of Civil Procedure, for the foreclosure of a mortgage on a rural estate situated in the *barrio* of Bartolo, municipal district of Lares, belonging to the defendant Aguiló, who, on the date of the execution of the mortgage deed, March 7, 1899, confessed that he owed Marquez the sum of 5,960 *pesos,* provincial money, and to secure said sum mortgaged the estate referred to, binding himself to pay the debt in installments, of which he paid a small sum only. The proceeding was prosecuted through all its stages, and on December 18, 1903, the court of Arecibo rendered judgment overruling all the exceptions pleaded by the mortgage debtor and ordering the continuation of the foreclosure proceeding to the sale of the estate attached, and that the principal, interest and costs be paid from the proceeds thereof.

From this judgment an appeal was taken to this Supreme Court, the appellant being represented by Attorney Manuel F. Rossy, and the respondent by Attorney Antonio Suliveres Rivera.

Various reasons have been advanced in the court of Arecibo and in this Supreme Court in favor of the annulment of the foreclosure proceedings. But a fundamental error has

been committed, and it is not necessary to consider any others which tend to the same end.

It appears that the plaintiff believes, and the judgment gives him the right to so believe, that the debt being secured by a mortgage he has the right to invoke the summary procedure of the Mortgage Law and Regulations, or to prosecute the ordinary foreclosure proceeding in accordance with the former Law of Civil Procedure; that is to say, that he may choose either procedure, as he may see fit.

In two cases this court has held that when a debt is secured by a mortgage on real property the procedure established in article 128 of the Mortgage Law and article 168 of its Regulations must be followed for its collection. In two opinions of the Chief Justice and Mr. Justice MacLeary this court says:

"The object of this action being the collection of a mortgage debt constituted by a public deed dated October 14, 1899, when the Mortgage Law which establishes and regulates the procedure under which such debts shall be collected, was already in force. The procedure employed for its recovery is defective and inefficient for the reason that the provisions of the Law of Civil Procedure which the plaintiff has made use of for the enforcement of his rights do not apply in such case, if there is a subsequent law which repeals them, as occurs in this proceeding; the selection of the procedure not being optional with party."

See the case of *Pizá Hermanos* v. *Mariano Alfaro Diaz,* opinion of June 3, 1904, on an appeal taken from a judgment of the District Court of Ponce, and the case of *Narciso Vilar* v. *Mrs. Quiñones de Laza,* opinion delivered December 21, 1904, in an appeal taken from a judgment of the District Court of Humacao.

We see no ground whatsoever for a reversal of the doctrine announced in these opinions, and in accordance therewith we must maintain that the judgment rendered in this case should be reversed and the complaint dismissed, without

prejudice to the right of the plaintiff to proceed to recover his debt in accordance with the provisions of the Mortgage Law.

*Reversed.*

Chief Justice Quiñones and Justices Hernández, Mac-Leary and Wolf concurred.